### Henry, Appellant, *v*. Rosa.

*Pleadings—Proofs—Variance—Binding instructions.*

In an action of assumpsit on an alleged verbal contract, plaintiff averred in her statement of claim that defendant agreed verbally to pay a certain sum annually, representing defendant's share of a ground rent apportioned between them. The evidence produced by plaintiff at the trial tended to establish an implied contract arising out of the acts and conduct of the parties, and negatived the existence of an express verbal contract. In such case there was such variance between the pleadings and proofs that binding instructions for the defendant were proper.

Argued October 28, 1927. Appeal No. 331, October T., 1927, by plaintiff from judgment of M. C., Philadelphia County, August T., 1926, No. 516, in the case of Catharine Henry v. Generoso Rosa. Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an alleged verbal contract. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the defendant. Plaintiff appealed.

*Errors assigned,* among others, were the directed verdict and the refusal of a new trial.

*Michael J. Geraghty,* for appellant.

*John W. Speckman,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

The action in the Municipal Court was assumpsit upon an alleged express verbal agreement by defendant to reimburse plaintiff for money paid, laid out and expended on his behalf. Defendant did not offer any testimony and plaintiff's evidence consisted of her own testimony and certain exhibits. The trial judge directed a verdict for defendant upon the ground that plaintiff had failed to prove the agreement pleaded in her statement of claim. A new trial was refused and judgment entered on the verdict, from which plaintiff now appeals.

Appellant complains, among other things, of the exclusion of a receipt showing the payment by plaintiff of the sum of $5 for fixing portions of a fence, hereinafter referred to, which offer counsel proposed to follow with evidence that defendant had reimbursed plaintiff for one-half of this amount. In the view we take of this case the evidence offered was irrelevant to the real issue and the assignment relating to this matter is dismissed.

The substantial question here involved is raised by the assignments charging that the trial judge erred in directing a verdict for defendant and that the court below, in banc, erred in refusing a new trial and entering judgment on the verdict. The parties own lots fronting respectively on Catharine and Webster Streets about two hundred and twelve feet east of Broad in the City of Philadelphia. Plaintiff's property fronts sixteen feet on the south side of Catharine Street and is fifty feet in depth; defendant's lot fronts sixteen feet on the north side of Webster Street and extends northwardly fifty feet, so that the northern end of defendant's lot abuts upon the southern end of plaintiff's; plaintiff's property is known as 1336 Catharine

Street and defendant's as 1337 Webster Street. The lots are divided in the rear by a fence. The controversy arises out of the payment of a ground rent charged in 1849. In that year, as appears from one of the deeds in evidence, Michael Kates granted to James McKenna a lot fronting sixteen feet on Catharine Street and extending southwardly, of even width, ninety-seven feet and six inches, more or less, to Kates (now Webster) Street (being the tract of which the parties now each own a half), reserving to himself, his heirs and assigns, a ground rent of $64, payable semi-annually, on the first of April and October, and extinguishable upon the payment of $1,066.66. This ground rent is now owned by Lawrence F. Carlin, the assignment to him being dated November 22, 1923. Being a rent-service, it could be apportioned (Ingersoll v. Sergeant, 1 Wharton 337) and it is asserted that it was so apportioned that of the $64, payable annually, $40 was charged against the lot owned by plaintiff and $24 against defendant's lot; but there is no evidence of any kind in the record indicating when the lot was divided or how the apportionment was made. It does appear however from one of the deeds in evidence that defendant's lot was conveyed to him by Eugene Raymond, Jr., by deed dated May 13, 1907, "Subject to the payment of a certain Yearly Ground Rent or sum of Twenty-four dollars"; from another deed in evidence it is shown that the lot now owned by plaintiff was conveyed to her and to her husband (who died July 29, 1924), as tenants by entireties by the executor of the will of Sarah Carroll by deed dated October 24, 1908, "Under and subject to the payment of a Yearly Ground rent or sum of Forty Dollars, being the proportionate part of a certain yearly ground rent or rent charge of Sixty-four Dollars." There is evidence that for ten years—from April 1, 1909, to 1919—plaintiff's husband paid $32 semi-an-

nually to the successive owners of the ground rent and defendant, about the time each semi-annual payment of ground rent became due, gave plaintiff's husband a check for $12, some of which checks contained notations that they were for ground rent on 1337 Webster Street. In 1919 the parties quarreled over the placing by plaintiff's husband of an opening for a gate in the division fence at the rear of the lots and since April 1, 1919, defendant has made no payments to anyone on account of the ground rent. The full amount of the ground rent was paid by plaintiff's husband (and by her since his death) to the owners thereof up to April 1, 1926, and plaintiff now sues to recover the fifteen semi-annual payments, of $12 each, alleged to have been paid for defendant's benefit and upon his account. There is also in evidence a letter, written for defendant to plaintiff's husband under date of April 4, 1919, and demanding that the fence be restored to its former condition, which contains the following paragraph: "As soon as you notify me that you have completed the damaged gate opening in the fence properly and completely (without showing any gate opening in same) then I will immediately send you my check for the ground rent." There was therefore evidence of acts and conduct of the parties from which a jury might possibly find that plaintiff had a valid cause of action upon an implied contract. There is nothing in the evidence to show that plaintiff was in a situation in which she could be compelled to pay the ground rent charged upon defendant's lot, but, even if plaintiff be considered merely as a volunteer, the $12 semi-annual payments were apparently beneficial to the defendant and for ten years were ratified, adopted and repaid by him. There was also evidence that the demand of defendant, contained in the letter referred to, was complied with by putting the fence in the condition required by him. But we need not consider whether

there was evidence to support an action in assumpsit, for money paid, grounded upon a promise implied by law from the conduct of the parties. The action was not based upon an implied contract, or upon the conditional promise contained in the letter of April 4, 1919, but upon an alleged express verbal agreement. In the statement it is averred that ever since plaintiff and her husband obtained title to their lot "they continued to have a verbal agreement with the said defendant, Generoso Rosa, under and by virtue of which the entire ground rent of $64 issuing out of the said two contiguous properties was paid [by plaintiff and her husband to the successive owners of the ground rent] ...... which verbal agreement is still in full force and effect [between the present parties] ....... that in accordance with the said verbal agreement, the defendant was at all times answerable to the plaintiff and her said husband for his contribution to the said ground rent payment, amounting to $12 semi-annually which plaintiff and her husband paid as the agent of the said defendant, at his special request and under promise of reimbursement from him."

By his amended affidavit of defense defendant denied "that he ever made any such verbal agreement, or any other agreement whatsoever for the payment of any part of the said yearly ground rent of $64, nor did he ever agree or consent to the said John Henry, or the plaintiff, or either of them, paying for or on his behalf any part of the said yearly ground rent of $64." The bar of the statute of limitations is also set up in the affidavit of defense and it is therein averred that the ground rent is no longer in force against defendant's premises "and that no person being the owner of the said premises owned by the defendant has paid the said yearly ground rent of $64 for upwards of twenty-one years last past." The issue was therefore clearly on the express verbal agreement

averred by plaintiff and denied by defendant. The difficulty with plaintiff's case is that her testimony does not sustain the averments in her statement of claim. Upon examination by the court she testified: "Q. Do you know, Mrs. Henry, whether your husband or you had any arrangements about ground rent, or any part of it, with Mr. Rosa here? A. No. Oh no. Only we had to pay it. It had come down that way to us in the deeds. Q. I understand you had to pay $64? A. Yes. Q. And you have been paying it? A. But he paid it ten years. Q. I am not asking you that. A. No. Q. Did you make any arrangement with him about paying any part of that $64? A. No. Only getting his check." In directing the jury to return a verdict for defendant the trial judge pointed out that plaintiff had pleaded an agreement for the payment of the entire ground rent by plaintiff's husband to the owner and for reimbursement by defendant as to a portion thereof and then said: "There has been, however, no evidence of any such agreement. The plaintiff, as the record stands at this time, is not in position to prove her case because of the lack of that essential part of the proof. ...... Certainly there is no evidence, as I view the case, which would justify you in concluding as a fact that there was an agreement between Rosa and the Henrys, husband and wife, by which he undertook to pay $24 a year." A careful examination of the whole record convinces us that plaintiff failed to produce any evidence of the agreement sued upon entitling her to have her case submitted to the jury. The most that can be said is that she declared upon an express verbal contract but offered evidence which negatived its existence; whatever tendency her evidence had was toward the establishment of an implied contract arising out of the acts and conduct of the parties.

The judgment is affirmed.